**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES BRAWLEY, CAROLYN | § | |
| BROWN AND WEST OREM | § | |
| BAPTIST CHURCH | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 4:10-CV-4558 |
| AMERICAN STATES INSURANCE | § | |
| COMPANY, AMERICAN | § | |
| STATES INSURANCE COMPANY | § | |
| OF TEXAS AND FIRST NATIONAL | § | |
| INSURANCE COMPANY OF AMERICA | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Come Charles Brawley, Carolyn Brown and West Orem Baptist Church, hereinafter collectively referred to as "Plaintiffs", complaining of Defendants, American States Insurance Company, American States Insurance Company of Texas and First National Insurance Company of America, hereinafter referred to collectively as "Defendants," and hereby respectfully shows unto the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

Plaintiff, Charles Brawley, is an individual and resident of Texas.

Plaintiff, Carolyn Brown, is an individual and resident of Texas.

Plaintiff, West Orem Baptist Church, is a domestic organization and resident of Texas.

Defendant, American States Insurance Company ("American"), has answered and can be served their attorney of record, David R. Stephens, at 600 Navarro Street, Sixth Floor, San Antonio, Texas 78205.

Defendant, American States Insurance Company of Texas ("TX American"), has answered and can be served through their attorney of record, David R. Stephens, at 600 Navarro Street, Sixth Floor, San Antonio, Texas 78205.

Defendant, First National Insurance Company of America, is on information and belief an insurance company licensed to conduct insurance business in Texas. It can be served with citation by serving its registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Harris County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below).

## IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.     Plaintiffs are the holders of insurance Policy Number 25CC02256-4 issued by the Defendants (hereinafter referred to as the "Policy").

B.     Plaintiffs owned the insured property, which is specifically located at 3711 West Orem Drive, Houston, Texas 77045, on June 21 and September 13, 2008 (hereinafter referred to as the "Property").

C.     Defendants or their agent sold the Policy, insuring the Property, to Plaintiffs. Defendants made conflicting representations both before and after purchase of the Policy as to which or both entities insured the Property, American States Insurance Company, American States Insurance Company of Texas and/or First National Insurance Company of America.

D.     On or about June 21, 2008, a tornado occurred causing substantial damage to Plaintiffs' Property.

E.     On or about September 13, 2008, Hurricane Ike struck Southeast Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

F.     Plaintiffs submitted a claim to Defendants against the Policy for roof damage and resulting water damage the Property sustained as a result of the tornado and Hurricane Ike. Plaintiffs asked that Defendants cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

G.     Defendants have assigned claim numbers 880656173015 and 182999873017 to Plaintiffs' claim.

H.     Defendants hired and/or assigned an adjuster to adjust the claim.

I.     Defendants' adjuster and Defendants failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, event though the Policy provided coverage for losses such as those suffered by Plaintiffs.

J.      Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

K.      Defendants failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendants failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiffs.

L.      Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(1).

M.      Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(2)(A).

N.      Defendants failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  TEX. INS. CODE Section 541.060(a)(3).

O.      Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding

the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(4).

P.   Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

Q.   Defendants failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

R.   Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

S.   Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

T.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

U.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to these causes of action.

V.     Plaintiffs' experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the tornado and Hurricane Ike.  As a result of the tornado and Hurricane Ike and/or ensuing losses from the tornado and Hurricane Ike, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiffs.  As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, or forms that it reasonably believed at that time would be required from Plaintiffs for Plaintiffs' claim.  As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe.  Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period.  In addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C.  DTPA Cause of Action**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA.  Plaintiffs are consumers of goods and services provided by Defendants pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered

had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by Hurricane Ike would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment,

and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.  By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus

prejudgment interest and attorneys fees.  All the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS LAW FIRM LLP**
825 W. Bitters Rd., Suite 104
San Antonio, Texas 78216
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
    JASON B. SPEIGHTS
    Texas State Bar No.  24002982
    TODD WORRICH
    Texas State Bar No. 24037740
    JOAN MARRON
    Texas State Bar No. 24074654

**ATTORNEYS FOR PLAINTIFFS**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 11 day of January, 2011, a true and correct copy of the foregoing instrument was served on counsel record via facsimile in accordance with the Federal Rules of Civil Procedure, which will send such notice to the following:

**<u>VIA FACSIMILE (210) 227-4602</u>**
David R. Stephens
LINDOW, STEPHENS, TREAT LLP
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205

_____
Todd Worrich